Dear Mr. Long:
On behalf of the Natchitoches Parish Government (Parish) you have requested the opinion of this office on the validity of the use, lease, sale or other disposition of the building that formerly housed the Natchitoches Parish Library. The request states that the Natchitoches Parish Police Jury is the owner of the building that formerly housed the Natchitoches Parish Library and that the building was constructed with proceeds from a special tax passed in 1950. The parish library has now relocated to a new building purchased by the Police Jury, thereby leaving the old library building vacant and unoccupied. Your request states that the new library is more than adequate and has no need or use for the old library building. Attached to your request was a copy of the following:
 1. Natchitoches Parish Code, Article III, establishing the Natchitoches Parish Library;
 2. Minutes of the December 1940 and January 1941 Police Jury Meetings re-establishing the Natchitoches parish Library and confirming the passage of the special five (5) year tax to equip, operate and maintain the library;
 3. November 7, 1950, Ordinance ordering and calling a Special ten (10) Year Property Tax Election in the Parish of Natchitoches for the purpose of purchasing a Library site, constructing, equipping and maintaining the Natchitoches parish Library;
 4. December 20, 1950, Proces' Verbal confirming passage of the Special Election and ten (10) year property tax.
The request of the Police Jury asks the following questions:
 1. May the Police Jury or any of its various departments use the building for parish offices? Does it matter that the building was originally constructed with dedicated library tax dollars and would not be used as a library?
 2. May the Police Jury lease the building to a governmental or private tenant? If so, do the lease payments belong to the Police Jury as owner of the building or to the Library because the building was constructed with proceeds of a special library tax?
 3. May the Police Jury sell the building? Under what circumstances? Must the property be declared "surplus" or un-needed? If the building is sold, may the Police Jury keep the proceeds? Must the proceeds be used for the benefit of the Library?
Our opinion is based on the assumption that the records attached to your request are accurate and that they present a complete picture of transactions related to re-establishment of the Natchitoches Parish Library.
Natchitoches Parish, like all political subdivisions of the State of Louisiana, is a duly constituted political subdivision of the State of Louisiana. In 1941 voters in Natchitoches Parish passed a special five (5) year tax for the purpose of equipping, operating and maintaining a public library. An Ordinance was then adopted by the Police Jury re-establishing the Parish Library and dedicating the proceeds from the five (5) year special tax to equip, operate and maintain the library. In December 1950 the Police Jury passed a Ordinance authorizing a Special Election to consider a ten (10) year property tax for the purpose of constructing, equipping, operating and maintaining the public library. On December 12, 1950, the voters of Natchitoches Parish passed the Special ten (10) year property tax and on December 20, 1950, the Parish Police Jury approved and accepted the Proces' Verbal of the election and authorized the purchase property and construct a Parish Library.
Before any use, lease or sale of the property is considered, the Police Jury should first revoke the dedication of the property purchased pursuant to the December 12, 1950, Special Election. La.R.S. 33:4717
authorizes the Police Jury to revoke the dedication of any immovable property owned by the Parish and which is no longer needed or necessary for public use. Atty. Gen. Op. No. 92-277. The revocation should be accomplished through the passage of an Ordinance that states that the property is no longer needed or necessary for public use.
First, you ask if the Police Jury or any of its various departments may use the building. As owner of the building the Police Jury and/or any other department subject to the authority of the Police Jury may use the building for any public purpose it deems appropriate.
Second, you ask if the Police Jury may lease the building to a governmental or private tenant. The Police Jury may lease lands which it owns to a private person but in doing so must comply with Louisiana's Public Lease Law, La.R.S. 41:1211 et seq. R.S. 41:1213 requires that any person desiring to lease any land submit a written application, together with a cash deposit, setting forth the name and address of the applicant, a description of the land, and the purposes for which the land is to be leased. R.S. 41:1214 requires that the lessor publish an advertisement in the official journal setting forth the time when the bids will be received for a period of a least fifteen days. R.S. 41:1215
states that the lessor shall accept only the highest submitted bid.
Additionally, Article VII, Sec. 14(C) allows the Police Jury to enter into a cooperative endeavor agreement with another political subdivision or public or private corporations and /or individuals. Our office has consistently opined that such a cooperative endeavor, to be legally permissible, must be made pursuant to a valid legal obligation; must be for a public purpose; and, it must result in a public benefit which is proportionate to its cost. See Atty. Gen. Op. Nos. 01-0290 and 01-86.
Third, you ask if the Police Jury may sell the building and if so, what procedure should be used. La.R.S. 33:4711 provides in pertinent part as follows:
 "Police Juries may sell or exchange with other political corporations of this state, and may sell or lease to the other political corporations or private persons, any property owned by the police jury or the parish, when such property is no longer needed for public purposes
The Parish should adopt a resolution authorizing the sale of the property with authority in the head of the governing authority to consummate the sale or lease of the property. Atty. Gen Op. No. 1936-38, p. 719 and 90-88. Should the Parish elect to sell the property a non-collusion affidavit required by La.R.S. 38:2213 must be executed and entered into the official record.
Fourth, you ask if the building is sold, may the Police Jury use the proceeds for any general public purpose or must the proceeds be used to equip, operate and maintain the new library. It is clear that the 1950 tax was dedicated solely for the construction of the library and to equip, operate and maintain the library. A dedicated tax can be used only for the purposes set out in the tax proposition. However, funds derived from the sale of parish immovable property may be used for any lawful purpose even if the property was initially acquired and/or constructed with dedicated tax funds. Ag. Op. No. 81-1252.
We trust that this answers your inquiry.
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ RICHARD L. McGIMSEY Assistant Attorney General Public Finance Contracts Section
RPI/RLG/dm
Date Received: September 27, 2002